UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIE SCOTT, III, | CASE NO. 1:17CV2123 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Willie Scott, III ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In his brief on the merits, filed on January 15, 2018, Plaintiff asserts that the decision issued by the administrative law judge ("ALJ") is not supported by substantial evidence. ECF Dkt. #13. Defendant filed a response brief on February 14, 2018. ECF Dkt. #14. Plaintiff did not file a reply brief.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI alleging a disability onset date of June 18, 2013. ECF Dkt. #11 ("Tr.") at 272-79.[2] The applications were denied initially and upon reconsideration. *Id.* at 210-15, 218-21. Plaintiff then requested a hearing before an ALJ. *Id.* at 222. A hearing was held on June 4, 2015, but was continued to allow Plaintiff an opportunity to obtain counsel. *Id.* at

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

61. After Plaintiff obtained counsel, a second hearing was held on January 28, 2016. *Id.* at 31. On September 28, 2016, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 8. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on September 28, 2016, stands as the final decision.

The instant suit was filed by Plaintiff on October 9, 2017. ECF Dkt. #1. Plaintiff filed a brief on the merits on January 15, 2018. ECF Dkt. #13. Defendant filed a response brief on February 14, 2018. ECF Dkt. #14. Plaintiff did not file a reply brief.

## II.    RELEVANT PORTIONS OF THE ALJ'S DECISION

On September 28, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 11. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. *Id.* at 13. Continuing, the ALJ stated that Plaintiff had not engaged in substantial gainful activity since June 18, 2013, the alleged onset date. *Id.* The ALJ determined that Plaintiff had the severe impairments of right-knee patellar tendonitis and obesity. *Id.* Next, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 14.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations: the opportunity to alternate positions between sitting and standing at approximately thirty-minute intervals; no operation of foot controls with the right lower extremity; never climbing ladders, ropes, or scaffolds; never kneel or crawl; occasionally climb ramps or stairs; occasionally balance, stoop, and crouch; and avoid concentrated exposure to hazards such as dangerous machinery, unprotected heights, and uneven surfaces. Tr. at 15.

The ALJ then stated that Plaintiff was a younger individual on the alleged disability onset date, had a high school education, and was able to communicate in English. Tr. at 23. Continuing, the ALJ indicated that the transferability of job skills was not material to the determination of disability because the Medical-Vocational rules supported a finding that Plaintiff was not disabled. *Id.* Considering Plaintiff age, education, work experience, and RFC, the ALJ determined that jobs

existed in significant numbers in the national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 18, 2013, through the date of the decision. *Id.* at 24.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings

of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## **V.      LAW AND ANALYSIS**

Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because the RFC finding did not provide an accurate assessment of his limitations. ECF Dkt. #13 at 10. Specifically, Plaintiff states that the ALJ unreasonably found that his severe impairments of right knee patellar tendonitis and obesity only restricted him to light work. *Id.* at 11. Plaintiff claims that the medical opinions of record demonstrate that he is incapable of performing light work activity. *Id.* The opinions that Plaintiff claims the ALJ weighed improperly were submitted by Hassan Assaf, M.D., Elizabeth Das, M.D., Leanne Bertani, M.D., and Shu Que Huang, M.D. *Id.* at 12-14. Each opinion will be addressed in the order presented by Plaintiff in his brief on the merits.

### **A.      Consultative Examining Physician**

Regarding the opinion submitted by Dr. Assaf, a consultative examining physician, Plaintiff states:

-4-

> [The ALJ] gave little weight to Dr. Assaf's opinion, stating that the examination of [Plaintiff] showed no evidence that [Plaintiff] needed a cane for standing or balance. In fact, Dr. Assaf reported that [Plaintiff] walked with a limp; he could not walk on heels/toes because of right knee pain; squatting was limited to thirty degrees. Dr. Assaf's opinion was supported by the clinical examination. The ALJ goes on to state that [Plaintiff] did not follow treatment advice to attend physical therapy or attend an orthopedic evaluation. Again, this is an inaccurate statement as the record contains orthopedic evaluations and physical therapy sessions.

ECF Dkt. #13 at 12.

Defendant contends that the ALJ only gave some weight to the opinion of Dr. Assaf because it was inconsistent with clinical findings from Plaintiff's physical examination. ECF Dkt. #14 at 18. Continuing, Defendant states that Plaintiff's diagnostic testing resulted in a conservative course of treatment and substantial evidence supports the ALJ's findings. *Id.* Defendant asserts that the ALJ did not believe that Dr. Assaf's examination supported the conclusion that Plaintiff needed a cane and that the ALJ noted that Plaintiff had a normal stance and rose from his chair without difficulty. *Id.* Further, Defendant states that the ALJ indicated that Plaintiff: did not need help changing or getting on and off the examination table; had no redness, heat, swelling, or effusion of his knee; had full strength and sensation without any evidence of muscle atrophy or spasm; had only a slight reduction in the range of motion of his knee; and did not consistently use a cane and that none of his care providers prescribed a cane. *Id.* at 18-19.

Plaintiff's argument is without merit and the ALJ's assignment of "some weight" to the opinion of Dr. Assaf is supported by substantial evidence. The ALJ stated that despite Dr. Assaf's opinion that Plaintiff's cane was necessary, no physician actually advised Plaintiff to use a cane or prescribed the cane. Tr. at 18. The ALJ cited notes from Plaintiff's physical examination with Dr. Assaf that showed no indication that Plaintiff needed a cane for standing or balance. *Id.* Further, the ALJ cited notations in the record indicating that Plaintiff did not attend physical therapy or orthopedic evaluations as instructed, indicating that his knee pain was not as severe as alleged. *Id.* Although Plaintiff cites evidence that he believes contradicts the ALJ's assignment of "some weight" to Dr. Assaf's opinion, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found Plaintiff disabled. *See Cole*, 661 F.3d at 937; *Rogers,* 486 F.3d at 234;

*Buxton*, 246 F.3d at 773. Here, the ALJ cited substantial evidence in support of the assignment of only "some weight" to the opinion of Dr. Assaf and, accordingly, the ALJ's finding must be affirmed.

### B. State Agency Non-Examining Physicians

Next, Plaintiff claims that the ALJ improperly found the opinions of the state agency non-examining physicians, Dr. Das and Dr. Bertani, to be inconsistent with the evidence when assigning no weight to their opinions. ECF Dkt. #13 at 12. Plaintiff avers that ALJ erroneously stated that he had significant improvement in functioning and pain levels after undergoing conservative treatment. *Id.* at 12-13. Continuing, Plaintiff asserts that the record shows that he was still exhibiting an antalgic gait after sixteen physical therapy visits and that he walked with a cane. *Id.* at 13. Plaintiff further states that when he began a second course of physical therapy in June 2015, he was experiencing difficulty with activities of daily living and his pain worsened with prolonged sitting, standing, walking, sleeping, and climbing the stairs. *Id.*

Defendant asserts that the ALJ properly weighed the opinions submitted by Dr. Das and Dr. Bertani. ECF Dkt. #14 at 20. Specifically, Defendant states that the ALJ assigned no weight to the opinions because they were inconsistent with the Plaintiff's diagnostic test results, the objective findings from his clinical examinations, and his improvement with conservative treatment. *Id.* Defendant avers that although the ALJ indicated that no weight was assigned to the opinions of Dr. Das and Dr. Bertani, the ALJ was apparently only referring to their conclusions regarding Plaintiff's ability to stand and walk. *Id.* Continuing, Defendant states that the ALJ actually agreed with other aspects of their opinions regarding foot controls, lifting, postural limitations, and hazards. *Id.* at 21-22. Further, Defendant asserts that even assuming that the ALJ should have adopted the opinions of Dr. Das and Dr. Bertani, the outcome of the decision would not have been different. *Id.* at 21. Defendant states that the questions posed to the vocational expert ("VE") at the hearing established that even if Plaintiff's standing and walking were as limited as opined by Dr. Das and Dr. Bertani, jobs still existed in significant numbers in the national economy that Plaintiff could perform. *Id.*

The ALJ's decision is supported by substantial evidence. In support of the assignment of no weight to the opinions of Dr. Das and Dr. Bertani, the ALJ indicated that diagnostic testing

showed minimal degenerative changes and the records showed muscle strength of 5/5. Tr. at 22. The ALJ also cited medical records from January 2015 in which it was noted that Plaintiff did not require surgical intervention and that he should instead perform physical therapy seven days a week. *Id.* Moreover, even if the ALJ had assigned some degree of weight to the portions of the opinions of Dr. Das and Dr. Bertani regarding Plaintiff's ability to stand and walk, the VE testified that jobs would still exist in significant numbers in the national economy that Plaintiff could perform. As stated above, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. *See Cole*, 661 F.3d at 937; *Rogers,* 486 F.3d at 234; *Buxton*, 246 F.3d at 773. The ALJ explained that the opinions of Dr. Das and Dr. Bertani were not supported by the record because the opinions were inconsistent with the evidence and then cited medical evidence in support of this conclusion. Tr. at 22. Accordingly, the ALJ's assignment of no weight to the opinions of Dr. Das and Dr. Bertani is supported by substantial evidence.

### C.     **Treating Physician**

Finally, Plaintiff claims that the ALJ improperly discounted the opinion of Dr. Huang, his treating physician.[3] ECF Dkt. #13 at 13. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he

---

[3]Plaintiff does not discuss the treating physician rule despite recognizing Dr. Huang as his treating physician. *See* ECF Dkt. #13 at 12-14. Defendant correctly notes that the treating physician rule applies in this case as the amended regulations for weighing medical opinions apply to claims filed on or after March 27, 2017. ECF Dkt. #14 at 12.

may therefore "be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

In support of Dr. Huang's opinion, Plaintiff cites medical records from July 2014 and July 2015 in which Dr. Huang noted mild swelling, tenderness, and a limited range of motion in Plaintiff's right knee. *Id.* Plaintiff also states that the ALJ failed to explain how his minimal daily activities supported the RFC finding. *Id.* at 13. Continuing, Plaintiff states that the ALJ was not a medical expert and improperly substituted his own medical opinion. *Id.* at 14. Defendant contends that the ALJ properly observed that Dr. Huang's opinion was inconsistent with the clinical findings

of record, including her own treatment notes, and provides a summary of the ALJ's decision regarding Dr. Huang's opinion. ECF Dkt. #14 at 13.

As required by the treating physician rule, the ALJ provided "good reasons" for discounting Dr. Huang's opinion and assigning the opinion little weight. The ALJ stated that Plaintiff's diagnostic testing showed no evidence of significant degenerative disc disease and that he only experienced pain with bilateral knee extension at the end of the tested range of motion. Tr. at 21. Continuing, the ALJ noted that the physical examinations performed by Dr. Huang did not show significant physical abnormalities in Plaintiff's right knee and that his "bilateral lower extremities were 5/5." *Id.* The ALJ also noted that an examination of Plaintiff in September 2015 showed 5/5 muscle strength, bilaterally with plantar flexion, dorsiflexion, inversion, and eversion. *Id.* at 22. Further, the ALJ stated that the records show that conservative treatment improved Plaintiff's knee pain. *Id.* The ALJ also noted that despite Plaintiff's knee pain and obesity, he was able to perform a wide array of physical activities including daily exercise and household chores. Accordingly, the ALJ explained how Dr. Huang's opinion was inconsistent with the other evidence of record when assigning the opinion less than controlling weight and the decision to do so is supported by substantial evidence. *See Wilson*, 378 F.3d at 544.

## **VI. CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: January 29, 2019  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE